## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

Corinthea Stack; Lynn K. Stack

v.

**PLAINTIFF(S)**

Brock & Scott PLLC

a S.C. professional association;

Chad W. Burgess, an individual,

Lisa M. Comer, an individual,

James O. Spence, an individual,

W. Jeffrey Barnes, an individual,

Sean Adegbola, an individual,

LPS Default Solutions Inc

**DEFENDANT (S)**

**Priority Matter pursuant to
Rule 40(h), SCRCP**

### PLAINTIFF EX PARTE MOTION FOR HEARING TO DETERMINE THAT DEFENDANT'S IS INCOMPETENT TO STAND TRIAL, MOTION FOR TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Corinthea Stack & Lynn K. Stack Pro Se pro se, ("Plaintiffs"), (hereinafter
Plaintiffs "The, pursuant to Rule 65 of the Federal Rules of Civil Procedure,
hereby moves for a temporary restraining order and preliminary injunction
to enjoin all Defendants' pending trial in this matter to enforcement of 65, §

1

455(a)(b),18 U.S.C. §4241, 18 U.S.C. § 4247(d). Section 636(c)(1). Section 636(c)(2). criminal under 18 U.S.C. § 155, and 18 U.S.C. § 4246, and. S.C. Code Ann. §§ 22-3-10 et seq. and S.C. Code Ann. §§ 22-3-20"), and pursuant to 18 U.S.C. §§4241(a), 4241(b), and4247(b) and (c), to commit the defendant to the custody of the Attorney General for placement in a suitable Federal or State Prisons facility to conduct a mental examination to determine whether the defendant is competent to stand trial. There is evidence, which is submitted as Exhibits A-T hereto and in support of the Corinthea Stack & Lynn K. Stack Pro Se pro se, ("Plaintiffs"), motion for detention, suggesting that the defendants has mental health issues. As an officer of the court, Corinthea Stack & Lynn K. Stack Pro Se pro se, ("Plaintiffs"), believes that they have obligation to call these matters to this Court's attention, so it may ensure that the defendant is competent to understand the nature and consequences of the proceedings against them and/or to assist in their defense. Corinthea Stack & Lynn K. Stack Pro Se pro se, ("Plaintiffs"), is raising this issue now so that the issue of Competency may be addressed at this time, to avoid any unnecessary delays in the proceedings.

## FACTUAL BACKGROUND

**1.** On February 2, 2023 and February 17, 2023 at 2:00 PM before the Honorable James O. Spence, Master in Equity for Lexington. This hearing will be held in person with video/telephone conference option. that pro hac vice out of State Attorney suspended W. Jeffrey Barnes (attorney registration number 19646, Concealment of attorney jeff barns did not reveal information to Corinthea Stack & Lynn K. Stack Pro Se pro se, ("Plaintiffs"), that he was suspended, the suspension took effect on May 20,

2022 See: **People v. W. Jeffrey Barnes. 22PDJ014. May 20, 2022.**and still instructed his Client Corinthea Stack & Lynn K. Stack Pro Se ("Plaintiffs"), to move forward and appeared in Court room 2-A on February 17, 2023 located at: 205 East Main St. Lexington SC 29072, knowing that Judge Honorable James O. Spence under Section 636(c)(1). Section 636(c)(2). Lacked Subject-Matter Jurisdiction, in which deprived Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), of their Constitutional Rights, that should be disclosed otherwise affect the of creating of a contract between Sean Adegbola, Esq Bar # 104881, Jeffrey Barnes (attorney registration number 19646.

2.  Plaintiffs bring this action to halt the LPS Default Solutions Inc Enterprise's scam, to hold the entities and individuals who run and profit from the Enterprise accountable, and to provide redress for the injuries to consumers that the Enterprise has caused.

3.  Corinthea Stack; Lynn K. Stack respectfully moves this Court to hold a hearing to determine that Chad W. Burgess, an individual, Lisa M. Comer, an individual, James O. Spence, an individual, W. Jeffrey Barnes, an individual, Sean Adegbola, an individual, is incompetent. In support of this motion, Corinthea Stack; Lynn K. Stack submits the following:

4.  The Bible defines a double-minded man in James 1:7-8: unstable and doubtful.

5.  Under state and federal law, all individuals who face criminal charges must be mentally competent to help in their defense. By definition, an individual who is incompetent to stand trial (IST) lacks the mental competency required to participate in legal proceedings.

6.  Chad W. Burgess an individual,) lacks the mental competency

3

Required to participate in legal proceedings.

**7.** Lisa M. Comer, an individual,) lacks the mental competency

Required to participate in legal proceedings

**8.** James O. Spence, an individual,) lacks the mental competency

Required to participate in legal proceedings

**9.** W. Jeffrey Barnes, an individual,) lacks the mental competency

Required to participate in legal proceedings

**10.** Sean Adegbola, an individual,) lacks the mental competency

Required to participate in legal proceedings

**11.** Corinthea Stack; Lynn K. Stack, seeks to prevent continuing
And substantial injury to CASE # 2020-CP-32-03651"), (Taking judicial
notice of That on June 15, 2023, Motion for a Temporary Restraining Order
and a Preliminary Injunction. The Federal Magistrate Judge Honorable
James O. Spence Lacked Subject-Matter Jurisdiction to Hear Plaintiff's
Complaint Were Defendants Had Not Yet Appeared and Consented, Holds
Third Circuit, Seventh and Ninth Circuits. All orders to this fraudulent
scheme.

**12.** THE COURT TAKE JUDICIAL NOTICE HONOURABLE,
JAMES O. SPENCE, MASTER-IN- EQUITY, MAGISTRATE, Magistrate
Judge Code 3068, CASE NO. :2020-CP-32-03651, in his own words, I
Hereby recused Myself from hearing or determining any matters in the
Above- entitled action due to issues raised by the pro se Defendants Order
entered May 20, 2020, [ **See EXHIBIT-A**

**13.**      on Friday February 17th at 2:00 pro hac vice out of State
Attorney suspended W. Jeffrey Barnes (attorney registration number
19646, Concealment of attorney jeff barns did not reveal information to
suspended, the suspension CORINTHEA STACK & LYNN K. STACK that he was
took effect on May 20, 2022 See: **People v. W. Jeffrey Barnes. 22PDJ014. May
20, 2022**.and still instructed his client CORINTHEA STACK & LYNN K. STACK to
move forward on February 17th, 2023 located at: Lexington County Master-
In-Equity 205 E. Main Street, Suite 204 Lexington, SC 29072, knowing that
Honorable James O. Spence under Section 636(c)(1). Section 636(c)(2).
Lacked Subject-Matter Jurisdiction, in which deprived CORINTHEA STACK &
LYNN K. STACK of his Constitutional Rights, that should be disclosed
Otherwise affect the of creating of a contract between Sean Adegbola, Esq
Bar # 104881, Jeffrey Barnes (attorney registration number 19646. I have
checked with Judge Spence and he said that we can work out our docket to
put this on Friday February 17th at 2:00. [ **See EXHIBIT-B**

**14.**      Defendant Sean Adegbola is not a Foreclosure Attorney, He is
In doubt, Mr. Adegbola Signed a Contract on 11-16-22 stating that he is
Representing Corinthea Stack & Lynn K. Stack in Foreclosure Case
No. 2020-CP-32-03651- [ **See EXHIBIT-C**

**15.**      Defendant W. Jeffrey Barnes, an individual, and Sean
Adegbola, an individual, the lawyers have been exploiting Corinthea Stack
& Lynn K. Stack, (in violation of the Federal Justice Act) (relative), for the
sole purpose extorting Real property and $11.500.00 in Money.

**16.**      This Court may also take judicial notice that the
various Magistrates judges of this District Court are routinely granting

motions when the parties don't appear at hearings.

17.    See: **Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)** Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

18.    **Draper v. U.S.** (1959) Probable cause is where known facts and circumstances, of a reasonably trustworthy nature, are sufficient to justify a man of reasonable caution in the belief that a crime has been or is being committed. Reasonable man definition; common textbook definition; comes from this case.

19.    THE COURT TAKE JUDICIAL NOTICE The Magistrate Court is the Summary Criminal Court and the Small Claims Court for South Carolina residents. It is established under the SC Unified Judicial System supervised by the Chief Justice of the SC Supreme Court through the Office of Court Administration and where the MOTION FOR COMPETENCY EVALUATION

## JURISDICTION AND VENUE

**20.**    This Court has subject matter jurisdiction pursuant to Rule 65, 18 U.S.C. §4241, 18 U.S.C. § 4247(d). Section 636(c)(1). Section 636(c)(2). criminal under 18 U.S.C. § 155, and 18 U.S.C. § 4246

## Diversity jurisdiction:

**21.**    Federal courts have original subject matter jurisdiction over cases in which the parties have diverse citizenships (i.e., no plaintiff and defendant are citizens of the same state) and in which the amount in controversy exceeds $75,000.

**22.**    THE COURT TAKE JUDICIAL NOTICE South Carolina subject matter jurisdiction and amount in controversy, codified as. S.C. Code Ann. §§ 22-3-10 et seq. and S.C. Code Ann. §§ 22-3-20"), (THE COURT TAKE JUDICIAL NOTICE of Any party may request a jury pursuant to Rule 38 on any or all issues triable of right by a jury and, upon the filing of a jury demand

**23.**    **Elmore v. McCammon** (1986) 640 F. Supp. 905 "... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws.

**24.**    "**Alexander v. Bothsworth**, 1915. "Party cannot be bound by contract that he has not made or authorized. Free consent is an indispensable element in making valid contracts."

## PLAINTIFF'S

Plaintiffs Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), (hereinafter "The Stack's"), are resident citizens of the State of South Carolina, County of Lexington South Carolina and are pro se, Plaintiffs in Case No. 2020-CP-32-03651"), **-JOS** Filed in this Court.

## DEFENDANT'S

**25.** Defendant LPS Default Solutions Inc, LPS Default Solutions, Inc. Provides real estate services. The Company offers title and closing services. LPS Default Solutions serves customers in the United States. SECTOR Real Estate INDUSTRY Real Estate SUB-INDUSTRY Real Estate Services This Plaintiff may be served with process by serving, at the address 1270 Northland Drive Suite 200 Saint Paul, MN 55120 United States

**26.** Defendant Chad W. Burgess, is an individual who, directly and through the LPS/ BROCK & SCOTT LLP Enterprise, offers, provides, or arranges for others to provide provides real estate services, Foreclosure services, 100% shareholder common stock, all ownership is 100% LPS

**27.** Chad W. Burgess, a non-attorney and resident of The State South Carolina, is the LPS/ BROCK & SCOTT LLP Enterprise's most Real Estate Default senior manager. He materially participates in the conduct of the Enterprise's affairs.

**28.** At all times material to this complaint, Chad W. Burgess, transacts or has transacted business in the District of Columbia South Carolina.

**29.** The Defendant may be served with process by serving its Registered Agent and Partner, 3800 Fernandina Road Ste 110, Columbia, SC 29210

**30.** Defendant Lisa M. Comer, is an individual who, directly and through the FIDELITY/LPS Enterprise, offers, provides, Master-in-Equity County Clerk of Court to provide real estate services, Settlement Services

8

For the MIE real estate Court of Lexington County. For relief.

31.    Lisa M. Comer, a non-attorney and resident of The State South Carolina, is the FIDELITY/LPS Enterprise's County Clerk of Court manager. she materially participates in the conduct of the Enterprise's affairs.

32.    At all times material to this complaint, Lisa M. Comer, transacts Or has transacted business in the District of Columbia South Carolina.

33.    The Defendant may be served with process by serving its Registered Agent and Partner at: 212 South Lake Drive, Suite 201, Lexington, SC 29072

34.    Defendant James O. Spence, an individual, who, directly and through the FIDELITY/LPS Enterprise, offers, provides, Master-in-Equity Hon, Spence Judge to provide real estate services, Settlement Services For the MIE real estate Court of Lexington County. For relief.

35.    James O. Spence, a non-attorney and resident of The State South Carolina, is the FIDELITY/LPS Enterprise's Master-in-Equity of Court Judge. he materially participates in the conduct of the Enterprise's affairs.

36.    At all times material to this complaint, Master-in-Equity Transacts Or has transacted business in the District of Columbia South Carolina.

37.    The Defendant may be served with process by serving its Registered Agent and Partner at: 205 East Main Street Suite 204 Lexington, SC  29072

38.    Defendant W. Jeffrey Barnes, is an individual who, directly and through the LPS/ WJ Barnes PA Enterprise, offers, provides, or arranges

for others to provide provides real estate services, Foreclosure services, 100% shareholder common stock, all ownership is 100% LPS

**39.** W. Jeffrey Barnes, a non-attorney and resident of The State Boca Raton, FL, is the LPS/ WJ Barnes PA Enterprise's most Real Estate Default senior manager. He materially participates in the conduct of the Enterprise's affairs. at all times material to this complaint, W. Jeffrey Barnes, transacts or has transacted business in the District of Columbia South Carolina.

**40.** The Defendant may be served with process by serving its Registered Agent and Partner, 1515 N Federal Hwy Ste 300 Boca Raton, FL 33432-1994

**41.** The Defendant Sean Adegbola, is an individual who is not a Foreclosure Attorney, directly and through the LPS/ WJ Barnes PA Enterprise, offers, provides, or arranges for others to provide Foreclosure Assistance for suspended attorney WJ Barnes the suspension took effect on May 20, 2022.

**42.** The Defendant may be served with process by serving its Registered Agent and Partner at 7075 Cross County Road, Unit 41704 North Charleston, SC 29418

**43.** The Defendant, LPS Default Solutions is a wholly owned subsidiary of LPS. LPS Default Solutions has its principal place of business at 601 Riverside Avenue Jacksonville, Florida 32204. LPS Default Solutions provides management of mortgage loans as a subservice to various national mortgage servicers when a consumer's loan reaches

a predetermined state of default under the contracts which are in place bet
ween LPS Default Solutions and its clients the mortgage servicers
as will be more fully set out herein. LPS Default Solutions Network
may be served by serving process upon David A. Brown, President and
CEO, at the address of this Plaintiffs listed above. This Plaintiffs will be
Referred to hereinafter as "LPS Default"

## COMMON ENTERPRISE

44.        Defendants LPS Default Solutions Inc, ("Corporate
Defendants") have operated as a common enterprise while engaging
in the unlawful acts and practices alleged below. The Corporate
Defendants have conducted the business practices described below
through an interrelated network of companies that have common
ownership, officers, managers, business functions, and employees, and
that commingled fund. Because the Corporate Defendants have operated
as a common enterprise, each of them is jointly and severally liable for the
acts and practices alleged below. Defendants Chad W. Burgess, an
individual, Lisa M. Comer, an individual, James O. Spence, an individual,
Sean Adegbola, an individual, and W. Jeffrey Barnes, an individual, have
formulated, directed, controlled, had the authority to control, or participated
in the acts and practices of the Corporate Defendants that constitute the
common enterprise.

## COMMERCE

**45.**     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**46.**     At their initial appearance on February 2, 2023 and February 17, 2023, Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), moved that the defendants be detained based on dangerousness under 18 U.S.C. § 3142(f)(1)(B) as well as risk of flight under 18 U.S.C.§ 3142(f)(2)(A), and That the defendant W. Jeffrey Barnes, The Presiding Disciplinary Judge approved the parties' amended stipulation to discipline and suspended W. Jeffrey Barnes (attorney registration number 19646) for nine months, with Two months to be served and seven months to be stayed upon his successful completion of a one-year probationary period with conditions. The suspension took effect on May 20, 2022. Ended May 21, 2023, Mr. W. Jeffrey Barnes did not successful complete on continuousness that in an unbroken series or pattern, on February 2, 2023 and February 17, 2023, Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), Represented by Incompetency Counsel's Sean Adegbola Law Firm, and W. Jeffrey Barnes P.A. with a Conflict of interest by intentionally failing to keep their clients Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), out of court Under Section 636(c)(1). Section 636(c)(2). Plaintiffs will obtain a warrant for extorting Real property and $11.500.00 in Money and obtaining goods under False Pretenses against Sean Adegbola Law Firm, and W. Jeffrey Barnes P.A. and since W. Jeffrey Barnes is an out-of-town attorney the Plaintiffs at the **MOTION FOR COMPETENCY EVALUATION** hearing, Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), moved that the defendants be

detained based on dangerousness under 18 U.S.C. § 3142(f)(1)(B) as well as risk of flight under 18 U.S.C.§ 3142(f)(2)(A), and the defendant would be taken into the custody by the U.S. Marshals pending a detention hearing on June 24, 2023.

## LEGAL STANDARD AND ARGUMENT

**47.**      At any time after initiation of a criminal prosecution, the defendant or attorney for the Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), may file a motion for a hearing to determine the defendant's mental competency.18 U.S.C. § 4241(a). The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering them mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Id. In such a circumstance, prior to the date of the hearing, the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4247(b). Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C.§ 4241(a) and (b) are to be conducted pursuant to the provisions of Section 4247(b) and (c). Section 4247(b) provides that the court "may commit the person to be examined for a reasonable period ... to the custody of the Attorney General for placement in a suitable facility." Unless "impracticable," the statute requires the Attorney General to conduct the examination "in the suitable facility closest to the court." 18 U.S.C. § 4247(b). The determination of which facility is suitable rests with the Attorney General, just as with all other designations

within the State or Federal

18 U.S.C. §4241(a) makes clear that the hearing is mandatory. See United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995) ("The district court must sua sponte order a competency hearing if reasonable cause is demonstrated."); United States v. White, 887 F.2d 705, 710 (6th Cir. 1989) ("[T]he provisions for a hearing is mandatory upon a determination of reasonable cause to believe that the defendant is incompetent to stand trial."). "Indeed, under the federal statute, the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendants is incompetent to stand trial. Likewise, failure to order a hearing when the evidence raises a sufficient doubt as to a defendant's competence to stand trial deprives a defendant

WHEREFORE, based on the foregoing, the Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), seeks an order, pursuant to 18 U.S.C. §§ 4241

(a) and (b) and 4247(b), committing the defendant, Chad W. Burgess, an individual, Lisa M. Comer, an individual, James O. Spence, an individual, W. Jeffrey Barnes, an individual, Sean Adegbola, an individual , to the custody of the Attorney General for placement in a suitable facility for a reasonable period of time in order to be evaluated by a licensed or certified psychiatrist or psychologist, to assist in determining whether the defendants is presently suffering from a mental disease or defect rendering Them mentally incompetent to the extent that he is unable to understand The nature and consequences of the proceedings against him or to assist properly in their defense. A proposed order is attached.

14

The Corinthea Stack & Lynn K. Stack Pro Se, ("Plaintiffs"), understands that the defense does not object to the request for a competency evaluation, although the defense has not yet had the opportunity to review this motion or the proposed order.

## CERTIFICATE OF SERVICES

**I HEREBY CERTIFY** that a copy of the foregoing PLAINTIFF EX PARTE MOTION FOR HEARING TO DETERMINE THAT DEFENDANT'S IS INCOMPETENT TO STAND TRIAL, MOTION FOR    TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION of Defendants

ON Tuesday, June 13, 2023, was served by Certified Registered Letter on June 13, 2023 to the below listed parties:

Sean Adegbola, Esquire
Adegbola Law Firm, LLC
Bar Number#: 104881
7075 Cross County Road,
Unit 41704
North Charleston, SC 29418
Phone: (843) 352-8661
Facsimile: (843) 738-4435
sean@adegbolalawfirm.com

BROCK & SCOTT PLLC
GREGORY T WHITLEY, ATTORNEY
SC Bar No. 100792
3800 Fernandina Road Ste 110,
Columbia, SC 29210
Phone: (803) 454-3540
Gregory.Whitley@brockandscott.com

BROCK & SCOTT PLLC
CHAD W. BURGESS, ESQ
, ATTORNEY
SC Bar No. 72520

3800 Fernandina Road Ste 110,
Columbia, SC 29210
Phone: (803) 454-3540

**James O. Spence**

205 East Main Street
Suite 204
Lexington, SC  29072

**Phone:** (803) 785-8291

Lexington County Clerk of Court
ATT: Lisa M. Comer
212 South Lake Drive,
Suite 201,
Lexington, SC 29072
Phone: (803) 785-8190
Fax: (803) 785-8249

**U.S. Department of Justice**
Citizen Complaint Center
Antitrust Division
950 Pennsylvania Ave., NW
Room 3322
Washington, DC 20530
202-307-2040
antitrust.complaints@usdoj.gov

WJ Barnes PA
1515 N Federal Hwy Ste 300
Boca Raton, FL 33432-1994
Office: 561-864-1067
Cell: 561-864-1067 -
Fax: 561-338-4840
Email: jeff@wjbarneslaw.com

## • **All Defendants was emailed on Tuesday, June 13, 2023**